**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| EDGAR E. RODRIGUEZ-GUAIQUIRIAN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-0467-B-BK |
| | § | (CRIMINAL NO. 3:13-CR-0037-B-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate

sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge.  Upon

review of the relevant pleadings and applicable law, the motion should be **DENIED**.

## I. BACKGROUND

In 2014, Petitioner pled guilty to a superseding information charging him with possessing

a controlled substance with intent to distribute, and was sentenced to the statutory minimum

imprisonment term of 60 months and no term of supervised release.  Crim. Doc. 50.  His appeal

was summarily dismissed for failure to present a non-frivolous issue for review.  Crim. Doc. 69.

In this timely section 2255 motion, Petitioner claims prosecutorial misconduct, a speedy trial

violation, ineffective assistance of counsel, and denial of his motion for the appointment of

substitute counsel.  Doc. 2 at 4-7; Doc. 2-1 at 1-16.  The government filed a response in

opposition.  Doc. 8.  Petitioner has filed a reply.  Doc. 12.  Thus, the section 2255 motion is now

ripe for review.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court

presumes that a petitioner stands fairly and finally convicted.  *See United States v. Cervantes,*

132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).  Under section 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).[1]

### A.  Claims 1 and 3 are procedurally defaulted.

Petitioner asserts the prosecution engaged in misconduct when it failed to disclose that the search of his vehicle was warrantless and Petitioner's consent to search was coerced.  Doc. 2-1 at 2-5.  He also claims the government violated his right to a speedy trial.  Doc. 2-1 at 6-8.  In his third ground, Petitioner challenges the Court's refusal to appoint him substitute counsel.  However, having failed to raise either of these claims on direct appeal, they are procedurally defaulted, absent a showing of cause and prejudice or that the petitioner is "actually innocent" of the crime for which he was convicted.  *See United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (*citing United States v. Frady*, 456 U.S. 152, 168 (1982)); *United States v. Alanis*, 88 F. App'x 15, 22 (5th Cir. 2004) (prosecutorial misconduct claim must first be raised on direct appeal).

---

[1] Because Petitioner filed his section 2255 motion while incarcerated, and because he is challenging his federal conviction, not just his sentence, he still satisfies the "in custody" requirement of section 2255 and his release from confinement does not render this case moot. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998) ("in custody" provision requires that petitioner was incarcerated at time petition is filed; criminal conviction has continuing collateral consequences, thus satisfying case-or-controversy requirement).  Thus, insofar as Petitioner requests that his section 2255 motion be construed as a *coram nobis* petition, his request is denied.  Doc. 15.

Petitioner has not satisfied the cause-and-actual prejudice exception to excuse his failure to raise either claim on direct appeal. His reply is silent as to cause and prejudice, and instead he challenges only the search of the vehicle and his ensuing arrest. Doc. 12 at 2-3. As to the Court's denial of substitute counsel, he merely reiterates his claim in the reply. Doc. 12 at 5. Moreover, as mentioned previously, Petitioner was convicted upon his guilty plea, and he now offers no facts whatsoever suggesting that he is actually innocent.

Accordingly, Petitioner's first and third claims are procedurally barred.

**B. Plaintiff's ineffective assistance of counsel claim, Claim 2, also fails.**

Lastly, Petitioner asserts counsel rendered ineffective assistance when he failed (1) to seek dismissal of the indictment based on an alleged violation of the Speedy Trial Act, and (2) to file a timely motion to suppress evidence. Doc. 2-1 at 10-12. Both arguments lack merit. To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.

Petitioner premises his speedy trial claim on the date he was initially arrested on state charges, September 28, 2012. Doc. 2-1 at 6-7. However, the 70-day period under the Speedy Trial Act did not begin to accrue until February 22, 2013, the date of his initial appearance in federal court. Crim. Doc. 5; *United States v. Stephens*, 489 F.3d 647, 652 (5th Cir. 2007) ("Speedy Trial Act . . . requires that a defendant's trial commence within seventy days from his indictment or initial appearance, whichever is later."). Thus, the initial trial date of April 22, 2013, fell within the 70-day period, and defense counsel, not the government, sought the four subsequent continuances to complete the investigation and consult with Petitioner. *See* Crim.

Doc. 15; Crim. Doc. 21; Crim. Doc. 23; Crim. Doc. 29. *See also* 18 U.S.C. § 3161(h)(7)(A)

(Speedy Trial Act excludes any period of delay resulting from a continuance granted at the

defendant or his counsel's request).

Based on these facts, a motion to dismiss the indictment due to a speedy trial violation

would have been meritless. It is well settled that defense counsel is not required to offer a

frivolous motion or objection. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000)

("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an

objective level of reasonableness.").

Likewise, a motion to suppress evidence also would have been meritless. Petitioner was

stopped for a traffic violation and he subsequently consented to a search of his vehicle, as he

stipulated in the Factual Resume. Doc. 9 at 7, *Police Department Incident Report*; Crim. Doc.

34 at 2. Further, the drug-sniffing canine alert to the trunk and back-seat of his car was

sufficient, standing alone, to support the continued warrantless search. *See United States v.*

*Williams*, 365 F.3d 399, 405 (5th Cir. 2004). Petitioner's belated, unsubstantiated assertions that

the initial consent was invalid and coerced, and that he did not specifically consent to the dog-

sniff are insufficient to establish a reasonable probability that the court would have granted a

motion to suppress. Doc. 2-1 at 3; Doc. 12 at 3, 7-8. Thus, counsel was not ineffective in failing

to pursue such a motion. *See Preston*, 209 F.3d at 785; *Kimmelman v. Morrison*, 477 U.S. 365,

375 (1986) (to prevail on a claim of ineffective assistance due to counsel's failure to move for

suppression of evidence, Petitioner must show, in addition to the requirements of *Strickland*,

"that his Fourth Amendment claim is meritorious and that there is a reasonable probability that

the verdict would have been different absent the excludable evidence.").

Accordingly, Petitioner's second claim also fails.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the section 2255 motion be **DENIED**.

**SIGNED** June 10, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).
As mentioned previously, he pled guilty, and offers no facts whatsoever suggesting he is actually innocent.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE